IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EMMA JACKSON HOLMES                                                                           PLAINTIFF

v.                                                                          CAUSE NO. 3:22-CV-00048-KHJ-MTP

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al                                                                           DEFENDANTS

ANSWER AND DEFENSES

Comes now, Defendant Adrian Myles, by and through counsel, and submits her Answer and Defenses to the Plaintiff's Complaint [CM/ECF Doc. 1], and would show unto the Court as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering Defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

THIRD DEFENSE

Answering Defendant specifically asserts and invokes all defenses available to her as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Answering Defendant is entitled to qualified immunity as to the claims asserted against her in her individual capacity. More specifically, answering Defendant would affirmatively aver that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, her conduct was objectively reasonable.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, answering Defendant invokes each and every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## SIXTH DEFENSE

Answering Defendant denies that she has been guilty of any actionable conduct.

## ADMISSIONS AND DENIALS

## COMPLAINT [CM/ECF Doc. 1]

Defendant responds to the allegations of the Plaintiff's Complaint as follows:

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

As to the unnumbered introductory paragraph, Defendant admits that Plaintiff has filed a pro-se lawsuit under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

1. Answering Defendant admits the allegations contained in Paragraph One (1) of the Plaintiff's Complaint.

2. Answering Defendant denies the allegations contained in Paragraph Two (2) of the Plaintiff's Complaint.

3. Answering Defendant admits the allegations contained in Paragraph Three (3) of the Plaintiff's Complaint.

## PARTIES

### PLAINTIFF

4. Answering Defendant admits the allegations contained in Paragraph Four (4) of the Plaintiff's Complaint.

### DEFENDANT

5. The allegations contained in Paragraph Five (5) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

6. The allegations contained in Paragraph Six (6) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

7. The allegations contained in Paragraph Seven (7) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

8. The allegations contained in Paragraph Eight (8) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

9. The allegations contained in Paragraph Nine (9) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

10. Denied.

11. The allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

12. Answering Defendant denies the allegations contained in Paragraph Twelve (12) of the Plaintiff's Complaint.

13. The allegations contained in Paragraph Thirteen (13) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.  If, however, answering Defendant is mistaken in her belief, and a response is necessary and/or the allegations contained in Paragraph Thirteen (13) of Plaintiff's Complaint are intended to or do adversely affect answering Defendant or anyone affiliated with answering Defendant, then answering Defendant states that she is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

14. The allegations contained in Paragraph Fourteen (14) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.  If, however, answering Defendant is mistaken in her belief, and a response is necessary and/or the

allegations contained in Paragraph Fourteen (14) of Plaintiff's Complaint are intended to or do adversely affect answering Defendant or anyone affiliated with answering Defendant, then answering Defendant states that she is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

15.     The allegations contained in Paragraph Fifteen (15) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.  If, however, answering Defendant is mistaken in her belief, and a response is necessary and/or the allegations contained in Paragraph Fifteen (15) of Plaintiff's Complaint are intended to or do adversely affect answering Defendant or anyone affiliated with answering Defendant, then answering Defendant states that she is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

## FACTS IN SUPPORT OF CLAIMS MADE

16.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Sixteen (16) of Plaintiff's Complaint and therefore denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Seventeen (17) of Plaintiff's Complaint and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Eighteen (18) of Plaintiff's Complaint and therefore denies the same.

19. Answering Defendant denies the allegations contained in Paragraph Nineteen (19) of the Plaintiff's Complaint.

20. Except to state that Exhibit "D" will speak for itself, answering Defendant denies the allegations in Paragraph Twenty (20) of Plaintiff's Complaint.

21. Except to state that Exhibit "E" will speak for itself, answering Defendant denies the allegations contained in Paragraph Twenty-One (21) of the Plaintiff's Complaint.

22. Except to state that Exhibit "F" will speak for itself, answering Defendant denies the allegations contained in Paragraph Twenty-Two (22) of the Plaintiff's Complaint.

23. Answering Defendant denies the allegations contained in Paragraph Twenty-Three (23) of the Plaintiff's Complaint.

24. The allegations contained in Paragraph Twenty-Four (24) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

25. The allegations contained in Paragraph Twenty-Five (25) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant. If, however, answering Defendant is mistaken in her belief, and a response is necessary and/or the

allegations contained in Paragraph Twenty-Five (25) of Plaintiff's Complaint are intended to or do adversely affect answering Defendant or anyone affiliated with answering Defendant, then answering Defendant states that she is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

26.     The allegations contained in Paragraph Twenty-Six (26) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.  If, however, answering Defendant is mistaken in her belief, and a response is necessary and/or the allegations contained in Paragraph Twenty-Six (26) of Plaintiff's Complaint are intended to or do adversely affect answering Defendant or anyone affiliated with answering Defendant, then answering Defendant states that she is without knowledge or information sufficient to form a belief as to such allegations and therefore denies the same.

27.     The allegations contained in Paragraph Twenty-Seven (27) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

28.     The allegations contained in Paragraph Twenty-Eight (28) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

29. The allegations contained in Paragraph Twenty-Nine(29) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

30. The allegations contained in Paragraph Thirty (30) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

31. Answering Defendant denies the allegations contained in Paragraph Thirty-One (31) of the Plaintiff's Complaint.

32. The allegations contained in Paragraph Thirty-Two (32) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

33. The allegations contained in Paragraph Thirty-Three (33) of Plaintiff's Complaint are not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

34. The allegations contained in Paragraph Thirty-Four (34) of Plaintiff's Complaint is not directed to any alleged conduct of answering Defendant and therefore requires no response from answering Defendant.

### FIRST CAUSE OF ACTION
### Count one Violation of 42 U.S.C. §1983

35. Answering Defendant denies the allegations contained in Paragraph Thirty-Five (35) of the Plaintiff's Complaint.

### Count two
### NEGLIGENCE

36. Answering Defendant denies the allegations contained in Paragraph Thirty-Six (36) of the Plaintiff's Complaint.

### Count three
### False Imprisonment

37. Denied. Answering Defendant denies the allegations contained in Paragraph Thirty-Seven (37) of the Plaintiff's Complaint.

### Count four
### Due Process
### There is a Clearly Established Right to Timely Release from Prison

38. Answering Defendant denies the allegations contained in Paragraph Thirty-Eight (38) of the Plaintiff's Complaint.

### Count five
### Pattern and Practices of failure to train and/or failure-to-promulgate-policy

39. Answering Defendant denies the allegations contained in Paragraph Thirty-Nine (39) of the Plaintiff's Complaint.

### Count six
### Defendant Commissioner Burl Cain admissions of corruption

40. Answering Defendant denies the allegations contained in Paragraph Forty (40) of the Plaintiff's Complaint.

### REQUEST FOR RELIEF

41. Answering Defendant denies the allegations contained in Paragraph Forty-One (41) of the Plaintiff's Complaint.

42. The allegations in Paragraph Forty-Two (42), including those allegations in subparagraphs a. – h., are denied and answering Defendant and would affirmatively aver that the Plaintiff is not entitled any relief whatsoever.

## SEVENTH DEFENSE

Defendant's actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

## EIGHTH DEFENSE

Defendant reserves the right to seek leave to amend her Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## NINTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads her immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

## TENTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads her federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## ELEVENTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads her state law immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## TWELFTH DEFENSE

Defendant specifically denies that she has willfully violated any law in any manner or respect whatsoever and deny that they are liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## THIRTEENTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies all allegations asserted by Plaintiff against her as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendant subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## SEVENTEENTH DEFENSE

Defendant cannot be held vicariously liable in this action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691–95 (1978).

## EIGHTEENTH DEFENSE

Defendant also asserts, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

## NINETEENTH DEFENSE

Answering Defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## TWENTIETH DEFENSE

Other causes or conditions, not attributable to answering Defendant, and for which answering Defendant is not liable or responsible are the sole proximate cause or proximate contributing causes of the incident in question or any damages sustained by Plaintiff.

## TWENTY-FIRST DEFENSE

Answering Defendant would state that no act or omission on her part was the proximate cause of Plaintiff's damages and that no act or omission on her part contributed to cause Plaintiff's damages, as alleged, and demands strict proof thereof.

And now, having fully answered the allegations of Plaintiff's [CM/ECF Doc. 1] Complaint and having set forth her defenses thereto, answering Defendant denies that the Plaintiff is entitled to any relief against her in any form or amount, whatsoever, and hereby moves the Court for entry of an order and final judgment

dismissing this cause of action against her with prejudice, with all costs assessed to the Plaintiff. Finally, Defendant moves for general and such other relief as the Court deems appropriate herein.

DATE:  SEPTEMBER 1, 2022

                                              **ADRIAN MYLES,** *Defendant*

                                              **LYNN FITCH**
Attorney General of Mississippi

*/s/ James H. Hall*
Special Assistant Attorney General
Mississippi Bar No. 100303
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3815
E-mail: James.Hall@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day caused to be mailed, via United States Postal Service, first class postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following:

Emma Jackson Hall
966 West Govan Street
Unit 111
Grenada, MS  38901-3463

This, the 1st day of September, 2022

                                                          */s/ James H. Hall*