IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EMMA JACKSON HOLMES,

     Plaintiff,

                                                   CIVIL ACTION NO.

V.                                    3:22-CV-00048-KHJ-MTP

PELICIA HALL, IN HER OFFICIAL AND INDIVIDUAL
CAPACITIES; JEWORSKI MALLET, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES; AND JOHN AND
JANE DOES 1-10

     Defendants.

## AMENDED COMPLAINT
## (JURY TRIAL REQUESTED)

### INTRODUCTION

1.     The Constitution of the United States guarantees a fundamental right to personal liberty. When a person forfeits that right by violating the law, she is sentenced to a term of imprisonment; however, when a convicted person satisfies the penalty imposed and serves her term, her fundamental right to liberty is restored and she must be freed.

2.     Despite being entitled to release after serving a thirty-year mandatory sentence, with credit for time served prior to sentencing, Plaintiff Emma Holmes remained imprisoned for approximately 235 days —nearly eight months— *past* her actual release date.

3.     Plaintiff's over-detention was caused by a series of acts and omissions by officials within the Mississippi Department of Corrections ("MDOC"). These officials demonstrated a deliberate indifference to the deprivation of Ms. Holmes's freedom and failed in their duty to release Ms. Holmes from custody when her term of imprisonment ended.

4.     This action seeks redress of violations of the Due Process Clause of the Fourteenth

Amendment to the United States Constitution. Ms. Holmes, by and through her attorneys, seeks all relief as detailed throughout this complaint and as requested below.

## NATURE OF THE ACTION

5.      Plaintiff brings this action under 42 U.S.C. § 1983 for deprivation of her rights secured by the Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's claims for violations of the Fourteenth Amendment and 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

8.      Plaintiff incorporates by reference the allegations previously set forth in this complaint.

9.      Plaintiff Emma Holmes is a sixty-six-year-old woman. She is an adult resident citizen of Grenada County, Mississippi, living at 966 West Govan Street, Unit 111, Grenada, Mississippi. She is a former MDOC inmate, who was entitled to release from incarceration on or about August 22, 2019; however, she was not released from custody until April 13, 2020. Because of the actions and inactions of Defendants, she was held in custody approximately 235 days past her approximate and legal release date.

10.      Defendant Pelicia Hall is the former Commissioner for the Mississippi Department of Corrections and held said position from March 2017 until December 2019. Defendant Hall may be served with process at the Office of the Mississippi Attorney General, 550 High St., #1200, Jackson, Mississippi. Defendant Hall is sued in her individual and official capacities.

11.      Defendant Jeworski Mallett was the Director of Records for MDOC from 2013 to

2

2020. Defendant Mallett may be served with process at the Office of the Mississippi Attorney General, 550 High St., #1200, Jackson, Mississippi. Defendant Mallett is sued in his individual and official capacities.

12.     Defendants John Does 1-10 are unknown individual defendants who, acting under color of law, were involved in the activity complained of herein.

## FACTUAL ALLEGATIONS

13.     Plaintiff incorporates by reference the allegations previously set forth in this complaint.

14.     On January 30, 1989, the Grenada County grand jury returned a true bill against Ms. Holmes, indicting her for one count of sale of cocaine in violation of Mississippi Code Ann. § 41-29-139(a)(1)(b)(1) (Supp. 1988). The indictment against Ms. Holmes also provided that she was subject to a sentence enhancement under Mississippi Code Ann. § 99-19-81 (Supp. 1988). Ex. A.

15.     Over a month later, on March 13, 1989, the Grenada County Sheriff's Office detained Ms. Holmes, and she remained detained until bonding out on July 24, 1989.

16.     The Grenada County Sheriff's Office again detained Ms. Holmes beginning January 3, 1990, and Ms. Holmes remained in the Sheriff's custody until the following year, when she was placed into MDOC's custody.

17.     On February 20, 1991, after being found guilty at trial by a jury of her peers, the Grenada County Circuit Court judge sentenced Ms. Holmes to thirty years in MDOC custody as an 81-habitual offender. *See* Ex. B. As an 81-habitual offender, her sentence could neither be reduced nor suspended, nor could she be eligible for parole or reduction of her sentence. Ms. Holmes's sentence was a mandatory thirty years, or approximately 10,958 days, less the time that

she had already spent in jail before her sentence.

18.     On or about March 5, 1991, the Grenada County Circuit Clerk submitted a sentencing sheet to MDOC's Director of Records, outlining Ms. Holmes's sentence, but stating that she had been confined in jail since April 21, 1990. *See* Ex. C.

19.     On or about December 8, 2003, MDOC computed Ms. Holmes's total time in MDOC custody. *See* Ex. D. Said inmate time sheet reflected a credit of only 300 days from April 21, 1990 to February 15, 1991, with a tentative discharge date of April 21, 2020.

20.     In October 2009, the Grenada County Sheriff's Office transmitted a jail time allotment sheet to MDOC, which was stamped received by MDOC Central Records. The jail time allotment sheet reflected Ms. Holmes's detentions from March 13, 1989 to July 24, 1989 and from January 3, 1990 to March 27, 1991. *See* Ex. E.

21.     On or about June 13, 2016, MDOC Records Department staff members Sheretta Graham and Te'aria Ridge sent a fax to Linda Evans at the Grenada County jail, asking Ms. Evans to confirm whether Ms. Holmes was detained in Grenada in 1988. In response to MDOC's request, Ms. Evans responded that she could not locate any information and expressed her belief that the records may have been destroyed. *See* Ex. F.

22.     On March 20, 2017, Ms. Holmes submitted a request for an administrative remedy, advising MDOC of the inaccurate calculation of her pre-sentence jail time and placing MDOC on notice of the risk of over-detention. *See* Exhibit G. Less than a week later, rather than contact the Grenada County Circuit Clerk, Grenada County Sheriff, or any other relevant party or request and review the necessary documents, the Director of the Administrative Remedy Program arbitrarily rejected Ms. Holmes's request. In his response letter, the director advised that he rejected Ms. Holmes's request because "[t]here has been a time lapse of more than thirty (30) days between the

4

event and the initial request[.]" Specifically, the director wrote, "Incident happened on (in) 1989 & received in this office on 3.22.17." *See* Exhibit H.

23.    On January 24, 2018, Ms. Holmes wrote a letter directly to Defendant Hall, outlining her missing jail time and providing a copy of the jail time allotment sheet. Ex. I. In her letter to Defendant Hall, Ms. Holmes wrote, "I have tried sending a copy to the records dept. many times to no avail. I was given 300 days; however there are approximately 200 days missing. As I near my 30 years ending, the seven months in which I am short will make a difference in the year in which I go home. I served from 3-13-89 to 7-24-89 and 1-3-90 to 4-21-90. I am enclosing a copy of my jail time allotment sheet and my time sheet."

24.    Nearly two months later, on March 16, 2018, Special Projects Officer Michelle Taylor, on behalf of Defendant Hall, responded to Ms. Holmes's letter, dismissed Ms. Holmes's concerns and requests, and advised that MDOC could not provide any jail time credit because "we cannot verify the dates." *See* Ex. J.

25.    On October 9, 2019, Ms. Holmes submitted another request for administrative remedy. *See* Exhibit K. In her request, she again advised MDOC of the risk of over-detention and outlined the relevant dates of her pre-trial detention.

26.    The next day, an investigator with the Administrative Remedy Program responded to Ms. Holmes, noted that Ms. Holmes had already submitted the same request, and advised that since her request had already been addressed and rejected "this particular request is being returned to you and will not be processed." *See* Ex. L.

27.    On April 3, 2020, MDOC recomputed Ms. Holmes's time and listed her tentative discharge date as April 13, 2020. Ex. M. That same day, MDOC issued its Discharge Certificate, discharging Ms. Holmes from MDOC custody effective April 13, 2020. Ex. N.

28.     When MDOC released Ms. Holmes from its custody, she had served approximately

11,193 days in jail or incarcerated — 235 days longer than her sentence.

29.     Defendants could have verified Ms. Holmes's pre-sentence jail time and applied

said time to her incarceration calculation, but they did not. Defendants were aware that the practice

that they followed with Ms. Holmes had a significant likelihood of resulting in an unlawful

detention, but continued to hold her in custody despite her entitlement to release.

30.     Each time that Ms. Holmes contacted MDOC, whether by her request for

administrative relief or her letter directly to Defendant Hall, she specifically made each Defendant

aware of the risk that she could be over-detained.

31.     By being put on notice that Ms. Holmes was at risk of over-detention and that its

records were not accurate, and not addressing this risk and inaccuracies that could lead to Ms.

Holmes's over-detention, Defendants disregarded a known or obvious consequence of their

actions: the illegal detention of Ms. Holmes.

32.     Defendants' inaction in response to the risk of over-detention was objectively

unreasonable in light of clearly established law.

33.     All Defendants were aware that the practice that they followed with Ms. Holmes

had a significant likelihood of resulting in an unlawful detention, but they chose to ignore Ms.

Holmes and the documentation submitted by the Grenada County Sheriff's Office outlining her

pre-sentence jail time.

34.     All Defendants named in this complaint share responsibility for Ms. Holmes's over-

detention.

35.     MDOC has continued the practice of keeping inmates in its custody past their

sentence, as well as improperly preparing and maintaining inmate records, despite the risk and

resulting over-detention of other MDOC inmates.

36.     As Commissioner, Defendant Hall was responsible for formulating and administering the policies, procedures, operations, and supervision of MDOC, its divisions, employees, agents, assigns, and jail facilities. As final policy maker for MDOC, Defendant Hall was responsible for establishing policies and procedures for processing prisoners into, within, and out of MDOC custody.

37.     Defendant Hall failed to create and implement policies or practices to ensure that MDOC incarcerated only those persons it was legally authorized to detain. She also failed to adequately train and supervise her staff regarding proper practices to guard against unlawful incarceration. She authorized and allowed staff practices that predictably resulted in unlawful detention, including specifically the practice of accepting persons to MDOC custody without proper processing, time calculation, or analysis of the propriety of their continued detention. She also failed to train and supervise her staff to promptly and thoroughly respond to prisoner assertions of illegal detention or the risk of over-detention.

38.     Defendant Hall has a constitutional obligation to ensure that she only incarcerates those individuals that she has the lawful authority to detain. Throughout Ms. Holmes's incarceration and over-detention, Defendant Hall failed to provide for Ms. Holmes's release from MDOC custody despite the risk of over-detention and her lawful sentence having been served and there being no continued legal basis for said detention.

39.     Defendant Hall was personally aware of Plaintiff's and others' risk of unlawful detention and failed to take steps to investigate or secure Plaintiff's timely release from MDOC custody. She personally was on notice of flawed procedures and practices, as well subordinates' lack of training and supervision pertaining collection of prisoner information, entry of prisoner

information into MDOC records, and auditing of MDOC records. She was also personally aware that the failure to properly train and supervise subordinates on the collection, entry, and auditing of prisoner information could have the greatest impact on MDOC prisoners by causing prisoners to be in prison beyond their release date. She failed to respond to Plaintiff's grievances or pleas for assistance, and Hall took no action to free Plaintiff despite being put on notice that she was at risk of over-detention, despite the passage of several months. Defendant Hall had in his possession documents sufficient to show Plaintiff's pre-sentence jail time but did not act on that information.

40.     As Director of Records, Defendant Mallett was responsible for formulating and administering the policies, procedures, operations, and supervision of employees within MDOC's Records Department, its divisions, employees, agents, and assigns. As final policy maker within the Records Department, Defendant Mallett was responsible for establishing policies and procedures for the preparation and maintenance of inmate records, and performance for sentence calculation work.

41.     Defendant Mallett failed to adequately train and supervise his staff regarding proper practices to guard against unlawful incarceration. He authorized and allowed staff practices that predictably resulted in unlawful detention, including specifically the practice of inputting inmate date without proper verification, improper time calculation, and improper inmate file maintenance. He also failed to train and supervise his staff to promptly and thoroughly respond to prisoner assertions of illegal detention or the risk of over-detention.

42.     Defendant Mallett has a constitutional obligation to ensure that MDOC only incarcerates those individuals that MDOC has the lawful authority to detain. Throughout Ms. Holmes's incarceration and over-detention, Defendant Mallett failed to provide for Ms. Holmes's release from MDOC custody despite the risk of over-detention and her lawful sentence having

been served and there being no continued legal basis for said detention.

43. Defendant Mallett was personally aware of Plaintiff's and others' risk of unlawful detention and failed to take steps to investigate or secure Plaintiff's timely release from MDOC custody. He personally was on notice of flawed procedures and practices, as well subordinates' lack of training and supervision pertaining collection of prisoner information, entry of prisoner information into MDOC records, and auditing of MDOC records. He was also personally aware that the failure to properly train and supervise subordinates on the collection, entry, and auditing of prisoner information could have the greatest impact on MDOC prisoners by causing prisoners to be in prison beyond their release date. Defendant Mallett had in his possession documents sufficient to show Plaintiff's pre-sentence jail time but did not act on that information.

## CLAIMS FOR RELIEF

## COUNT 1: VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE PURSUANT TO 42 U.S.C. § 1983 DUE TO THE CONTINUED DETENTION OF MS. HOLMES PAST HER ACTUAL RELEASE DATE

44. Plaintiff incorporates by reference the allegations previously set forth in this complaint.

45. The Due Process Clause of the Fourteenth Amendment to the United States Constitution is violated where a person remains incarcerated after the legal authority to hold that person has expired. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980).

46. No privilege enables a jailor to detain a person beyond the period of that person's lawful sentence. *See Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1968); *see also Powell v. Barrett*, 376 F. Supp. 2d 1340, 1351 (N.D. Ga. 2005) (detainee has constitutional right to be free from continued detention after it was or should have been known that he was entitled to release).

47. Defendants' legal authority to detain Ms. Holmes expired on or about August 22,

9

2019; however, pursuant to an unlawful standard practice that has existed for years, MDOC continued to illegally detain Plaintiff 235 days past the conclusion of her sentence.

48.    Defendants falsely imprisoned Ms. Holmes pursuant to a practice that has existed for years, in which they wait weeks, months, or years to determine whether it has lawful authority to imprison persons who in fact were entitled to release, as well as a practice of improperly preparing and maintaining inmate records to ensure that inmates are released timely.

49.    Defendants falsely imprisoned Ms. Holmes pursuant to a practice that has existed for years, in which it will ignore information from inmates that puts Defendants on notice that inmates are at risk of over-detention.

50.    Defendants were aware of these practices throughout the time discussed above, but made no attempt to stop it; instead, Defendants have attempted to normalize their misconduct.

51.    Defendants' failure to adopt a policy or policies to prevent over-detention was "deliberately indifferent" because "it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Rhyn v. Henderon Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992).

52.    Through their deliberate indifference, Defendants deprived Plaintiff of the fundamental right to liberty and violated her due process rights under the Fourteenth Amendment, causing the injuries described in this complaint.

53.    This unreasonable and arbitrary deprivation of Ms. Holmes's right to be free from detention following completion of her imposed sentence is a violation of her Due Process rights under the Fourteenth Amendment. As Defendants were acting under color of law when they violated Ms. Holmes's constitutional rights, this claim for relief is brought under 42 U.S.C. § 1983.

54.    As a result of Ms. Holmes's unlawful over-detention, she suffered damages,

including loss of liberty, mental anguish, emotional suffering, and other injuries.

## DAMAGES

55.     Plaintiff incorporates by reference the allegations previously set forth in this complaint.

56.     As a result of the foregoing unlawful and wrongful acts of Defendants, Ms. Holmes has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to: pain and suffering, emotional and mental distress, personal humiliation and shock, and severe emotional distress.

57.     Said injuries have caused Ms. Holmes to incur special damages, which include but are not limited to: past lost income and wages.

58.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Ms. Holmes further prays for all costs and attorney fees.

59.     In addition, Ms. Holmes prays for punitive damages against the Individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. Such damages may be awarded against a public employee or official in their individual capacity. Therefore, Ms. Holmes alleges and prays for punitive damages against the Individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

## REQUEST FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that upon trial of the merits,

she recover compensatory damages against Defendants; that Plaintiff also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs, and expenses in regards to the present action. Moreover, Plaintiff prays for all pre- judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recovers against each Defendant any and all other general or specific relief to which she may prove herself justly entitled.

Respectfully submitted this the 5th day of December 2022.

/s/Arthur H. Calderón
Arthur H. Calderón, MSB 103917
Calderón & Williams, PLLC
103 S. Court St., Ste. 101
P.O. Box 1818
Cleveland, MS 38732
Phone: 662-545-4445
Fax: 662-796-3689
arthur@msdeltalaw.com

12

Form JNM1-1976

THE STATE OF MISSISSIPPI
VERSUS
EMMA JACKSON HOLMES and
CLINT POWELL

41-29-139

CAUSE NUMBER 5571

INDICTMENT FOR THE OFFENSE OF
SALE OF CONTROLLED SUBSTANCE

THE STATE OF MISSISSIPPI
COUNTY OF GRENADA

IN THE CIRCUIT COURT OF SAID COUNTY, ——— JANUARY ——— TERM, 19 89

The Grand Jurors of the State of Mississippi, taken from the body of good and lawful citizens of said county, duly elected, summoned, empaneled, sworn and charged to inquire in and for the body of the county aforesaid, at the term aforesaid of the Court aforesaid, in the name and by the authority of the State of Mississippi, upon their oath present:

That Emma Jackson Holmes and Clint Powell, late of Grenada County, Mississippi, on or about November 1, 1988, in the county and state aforesaid and within the jurisdiction of this court, did wilfully, unlawfully, feloniously, knowingly and intentionally sell cocaine (a schedule II controlled substance) to Henry V. Montes and Rex Campbell, and did receive therefor a sum of lawful United States money, in violation of MCA §41-29-139(a)(1)(b)(1)(Supp. 1988) and against the peace and dignity of the State of Mississippi.

### SENTENCE ENHANCEMENT

The defendant Emma Jackson Holmes has been convicted twice previously of a felony upon separate charges brought and arising out of separate incidents at different times and has been sentenced to separate terms of one (1) year or more in a state penal institution as shown by the following.

The said defendant has been convicted in the Circuit Court of Grenada County, Mississippi, in the following cases: she was convicted for the felony offense of Sale of Marihuana in case number 4982, and was sentenced on February 13, 1985, to serve a term of three (3) years in the custody of the Mississippi Department of Corrections (MDOC); she was also convicted of the felony offenses of Sale of Cocaine in case number 5032, and on February 13, 1985, was sentenced to serve a term of seven (7) years in the custody of the MDOC.

MCA §99-19-81 (Supp. 1988) provides that defendant Holmes shall be sentenced to the maximum term of imprisonment prescribed for the crime of Sale of Cocaine (thirty years), which sentence shall not be reduced or suspended, nor shall she be eligible for parole or probation.

1st March 91
Mildred Hogan

Endorsed: A True Bill

Henry McNeny Toman
Foreman of the Grand Jury

Edwin A. Snyder
District Attorney

Filed and Capias Issued
January 27 , A.D., 19 89
Recorded 27 day of January, 19 89
Mildred Hogan ,Clerk.
Anna Simmons D.C.

MDOC-HOLMES 48-000069

EXHIBIT A

IN THE CIRCUIT COURT OF GRENADA COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VERSUS                                    CRIMINAL CASE NO. 5571

EMMA JACKSON HOLMES

### JUDGMENT

On February 15, 1991, into open court came both the
State of Mississippi, and the defendant, Emma Jackson Holmes,
each represented by counsel, the defendant having been
arraigned on an indictment charging SALE OF CONTROLLED
SUBSTANCE, which indictment with sentence enhancement was
returned by a duly sworn and empaneled grand jury, and to which
indictment the defendant had entered a plea of not guilty.
Upon the court's call of said cause in open court, both sides
announced ready for trial, after which a jury was selected and
accepted by both sides, the same being duly sworn and empaneled
and being composed of Bobby Dean Carpenter and eleven other men
and women.

After presentation of all the evidence, the reading of
instructions, and hearing argument of counsel, the said jury
retired to deliberate its decision, presently returning into
open court with the following verdict: "We, the jury, find the
defendant guilty as charged."

IT IS THEREFORE THE ORDER AND JUDGMENT of this court
that the defendant be and she is hereby sentenced to serve a
term of thirty (30) years in the custody of the Mississippi
Department of Corrections, which period of incarceration shall
be served under the habitual criminal provisions of MCA §99-19-
81 (Supp. 1990) and therefore shall not be reduced or
suspended, nor shall defendant be eligible for parole on or
reduction of the said sentence. The defendant is remanded into
the custody of the sheriff to await transportation.

SO ORDERED this the _____ day of February, 1991.

34-495

_____
CIRCUIT COURT JUDGE

State of Mississippi
Grenada County
I, Mildred Hogan, Circuit Clerk in and for said state and county, do
hereby certify that the above and foregoing is a true and correct copy of
_____
as the same now appears of record in _____, Book
No. _____ Page _____ records of my office.
Given under my hand and seal of office, this the _____ day
of _____ 19 __.
                              Mildred Hogan, Cir. Clk.
                        By _____

FILED

FEB 21 '91
Mildred Hogan
CIRCUIT CLERK
Ann Simmons DC

MDOC-HOLMES 48-000070

EXHIBIT B

STATE OF MISSISSIPPI

COUNTY OF __GRENADA__      CAUSE ___5571___

TO THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS

You are hereby notified that at the __January__ term, 19 _91_, of the circuit court, Judge __James C. Sumner__ presiding, the following named person was tried, convicted, and sentenced to a term in the state penitentiary, as follows:

I. PRISONER'S NAME __Emma Jackson Holmes__  ALIAS    -

   SS# 426 06 6368   DOB 4/03/56   RACE  B   SEX  F

II. CRIME __Sale of Controlled Substance__  MS CODE SECTION 41-29-139

   DESCRIPTION OF CRIME __did sell cocaine and did receive a sum of money__

III. DATE OF SENTENCE __February 15__, 1991   LENGTH OF SENTENCE   30 years

   SUSPENDED_____ TO SERVE  30 years  PROBATION TO FOLLOW_____

   CONCURRENT TO #_____

   CONSECUTIVE TO #_____

   HABITUAL____ PROBATION REVOCATION_____ SUSPENDED SENTENCE REVOCATION____

   RID___ PSYCHOLOGICAL/PSYCHIATRIC_____ ALCOHOL/DRUG_____

IV. DATE APPEALED____ February 28, 1991 OUT ON BOND_____

   RELEASED ON BOND_____ TO _____

   _____ TO _____

   _____ TO _____

   CONFINED IN JAIL_____ 4/21/90 TO  present

   _____ TO _____

   _____ TO _____

   PRESENTLY HOUSED IN_____ Grenada County  JAIL

V. FINE____ COURT COST____ RESTITUTION____ INDIGENT FEE_____

   CONDITIONS OF PAYMENT_____

   _Mildred Hagen_
   CIRCUIT CLERK

   February 26, 1991
   DATE

Please complete all information and include
a copy of the Judgement, Indictment, Appeal, Bond, or Waiver

RETURN TO:   DIRECTOR OF RECORDS
             MISSISSIPPI DEPARTMENT OF CORRECTIONS
             RANKIN COUNTY CORRECTIONAL FACILITY
             P. O. BOX 88550
             PEARL, MS 39208-8850

RECEIVED MAR -5 1991 RCCF RECORDS

49131 ENTERED

MDOC-HOLMES 48-000068

EXHIBIT C

**Mississippi Department of Corrections**
Inmate Time Sheet

**Offender:** HOLMES, EMMA JACKSON 49131          **Housing:** CMCF, CMCF QB, BLD A, ZONE A, BED 0022

**Computation Date:** 12/08/2003 00:00                                              **Date Printed:** 08/23/2016 08:24

**Sentences:**

| DATE | CAUSE/COUNT | OFFENSE | COMMITTED | COUNTY | SERVE | HOUSE | PROBATION HAB | DEFERRED | OVERRIDE | CONCURRENT | CONSECUTIVE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/15/91 | 5571/1 | 3599:SALE OF CONTROLLED SUBSTANCE | 11/01/88 | Grenada | 30Y | | Y | | | | |

☐ First Time Offender

**Pre Trial/Pre Sentence Jail Time:**

| FROM | TO | DAYS |
|---|---|---|
| 04/21/90 | 02/15/91 | 300 |

Total Jail Time: 300          Override: 0

**Computation Details:**

| DATE | DESCRIPTION |
|---|---|
| 02/15/91 | 5571/1 3599:SALE OF CONTROLLED SUBSTANCE 30Y |

**Summary:**

| Begin Date | House Arrest Date | Parole Date | ERS Date | Tentative Discharge | Max Discharge | End Date |
|---|---|---|---|---|---|---|
| 04/21/1990 | | | | 04/21/2020 | 04/21/2020 | |

Total Term To Serve: 30Y          Total Earned Time: 0D          Earned Time Lost: 0D          Total MET Earned: 0D          Total Trusty Time Earned:

**Comments:**

MDOC-HOLMES 48-000062

FILED
SEP 30 2016
MICHAEL REDDITT CIRCUIT CLERK
BY _____ D.C.

**EXHIBIT D**

06/20/2016 MON  8:40  FAX 1 662 226 3195 Grenada Jail Solutions                     ☑002/002

10/08/2009  15:01   6017435757                                                      PAGE  02/02

## JAIL TIME ALLOTMENT

Date: 10/9/09

OFFENDER NAME: Emma Holmes   DOC#: F   MSP# 49131

SS#: 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   RACE: B   SEX: F   DOB: 4-3-56

FROM:      KNRCF
           300 Industrial Park Road
           Dekalb, MS 39328

TO:        SHERIFF: Alton Strider           COUNTY: Grenada

           CITY: Grenada

RE:    JAIL TIME ALLOTMENT

COMMENTS:      PLEASE SEND JAIL TIME FOR POSTING BY FAXING TO
               MDOC RECORDS DEPARTMENT, JACKSON, MS
               FAX NUMBER: 601-973-3883

DATES IN JAIL

| From: | To: |
|-------|-----|
| From: 3/13/89 | To: 7/24/89 (Bonds) |
| From: 4/3/90 | To: 2/15/91 (Sentencing Date) |
| From: | To: 3/27/91 (Released MDOC) |
| From: | To: |
| From: | To: |

NUMBER OF DAYS:

DATA RECEIVED FROM:

DATE: 10/8/09

[Notary stamp: STATE OF MISSISSIPPI, EDNA M. STEWART, ID # 75791131, Commission Expires Oct. 31, 2012, GRENADA COUNTY]

DATA RECIECED BY:

[Stamp: RECEIVED  30  MDOC CENTRAL RECORDS]

MDOC-HOLMES 48-000066

EXHIBIT E

06/14/2016 TUE 10:33 FAX 1 662 226 3195 Grenada Jail Solutions                    ☑001/001
06/13/2016 MON  3:48  FAX                                                          ☑001/001



# PRE-SENTENCE/PRE-TRIAL COUNTY JAIL TIME

| | | | | |
|---|---|---|---|---|
| **To:** | LINDA EVANS | | **Fax:** | 662-226-3195 |
| **From:** | MDOC- Records Department | | **Date:** | 6/13/16 |
| **Staff:** | Sheretta Graham/Te'aria Ridge | | **2nd request** ☐ | **3rd request** ☐ |
| **County:** | GRENADA COUNTY | | **Pages:** | |

OFFENDER STATES SHE WAS IN JAIL
THERE IN 1988, PLEASE CONFIRM

We are in receipt of court documents sentencing the offender below to the custody of the Mississippi Department of Corrections.  In order to complete the sentence computation of the offender, we are requesting the pre-sentence/pre-trial jail confinement of this offender  Please submit only the time that applies to the current incarceration.

**UPON RECEIPT, PLEASE COMPLETE THIS FORM AND FAX TO 601.973.3883**
Should you have any questions, please phone 601.933.2889 and contact the person listed above.

| OFFENDER NAME | EMMA JACKSON HOLMES | MDOC | 49131 |
|---|---|---|---|
| Date of birth | 4/3/56 | SS # | 426066368 |
| Sex | FEMALE | Race | BLACK |
| Cause No(s) | 5571 | Date(s) Crime(s) Committed | 11/1/88 |
| Cause No(s) | | Date(s) Crime(s) Committed | |
| Crime(s) | SALE OF CONTROLLED SUBSTANCE | | |
| Crime(s) | | | |

## Pre-sentenced/Pre-Trail County Jail Confinement

| START DATE | | END DATE | START DATE | | END DATE |
|---|---|---|---|---|---|
| | thru | | | thru | |
| | thru | | | thru | |
| | thru | | | thru | |
| | thru | | | thru | |
| | thru | | | thru | |
| | thru | | | thru | |
| | thru | | | thru | |

PLEASE SIGN AND DATE:

*Linda Evans* _____    6/14/16
Signature                                           Date

*To Whom it Concerns!
Could not find them believe that they may have
be destroyed.*

MDOC HOLMES 48-000085

EXHIBIT F

1103
2E)

1023

# This is A Administrative Remedy

I inmate EmmA Holme #49131
Is writing a request for my jail time
as of today 3-20-2017 my time have not Change
and I have been trying for 7or8 years to get
it, I was in Kemper in 10/9/09 and the time
was fax to M.D.O.C. record Dept. and again in
2016 November and I sent copies where the
Sheriff had sing and it also had been notary.
And I sent again Feb.17,2017 and my time
sheet is Still the same as of today 3-20-2017.
I am asking for relief in this matter.
   And I am also sending copies of
the papers, and even where I have petition
the court for my Jail Time. Request of my
time from M.D.O.C. record Dept.

            Thank  you
            EmmA Holmes #49131
            C.M.C.F 2A Q.B. Azone Bed 38

**RECEIVED**

MAR 22 2017

CMCF-ARP

**RECEIVED**

MAR 20 2017

INMATE LEGAL
ASSISTANCE PROGRAM

EXHIBIT G

MDOC-HOLMES 48-000003

CODE:   1103                                                                                    ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### CMCF-17-1073

First Step Respondent:   **N/A**
Location:   **N/A**

Offenders' Name and No.:   **EMMA HOLMES #49131**
Unit:   **CMCF QB/A**

Date of incident: 1989                                                          OT – 7

---

☐ **ACCEPTED:** This request comes to you from the Legal Claims Adjudicator.  See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
   Incident happened on & received in this office on .

☒ There has been a time lapse of more the thirty (30) days between the event and the initial request:
   Incident happened on (in) 1989 & received in this office on 3.22.17.

☐ The Mississippi Department of Corrections does not handle Parole Board/Probation matters

☐ Other:

_____                                  3/24/17
Director of Administrative Remedy Program                         _____
                                                                  Date

<span style="color:red">EXHIBIT H</span>

MDOC-HOLMES 48-000008

Dear Commissioner Hall,                           January 24, 2018

I, inmate Emma Holmes #49131, am currently housed at C.M.C.F. IA-C bldg #B #126, Pearl, Ms. I have served 28 of 30 years. During which time I went to school and took Adult Basic Education, and then I completed A & D. I worked for 7 years in Support kitchen, 8 years for Prison Industries, 2 years for the chaplain in Washington County, and 5 years for the Hair Zone at C.M.C.F. I am currently working for Chemicals - distributing cleaning chemicals to the housing units - as well as distributing state issue (tissue, soap, razor, toothpaste, and toothbrushes) to the female housing units. I've been a member of Kairos for 18 years, and the mentoring program for 16 years. I also worked for C.M.C.F. canteen for 4 years.

I would like to know if you can help me recieve my jail time. I have tried sending a copy to the records dept. many times to no avail. I was given 300 days; however there are approximately 200 days missing. As I near my 30 years ending, the seven months in which I am short will make a difference in the year in which I go home.

I served from 3-13-89 to 7-24-89 and 1-3-90 to 4-21-90. I am enclosing a copy of my jail time allotment sheet and my time sheet.

Thank you in advance for any and all help

MDOC-HOLMES 48-000059

MDOC
FEB 8 2018
CENTRAL RECORDS

EXHIBIT I

in this matter.

Respectfully submitted this ____24th____ day of
____January____, 2018.

Emma Holmes
Emma Holmes

Sworn to and subscribed to
before me this ____24th____ day of
____January____, 2018

Jessica Sellers
notary public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 111216
JESSICA PEARL SELLERS
Commission Expires
Jan. 20, 2019



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
PELICIA E. HALL
COMMISSIONER

| INMATE NAME & MDOC # | EMMA HOLMES  #49131 |
|---|---|
| DATE RECEIVED | FEBRUARY 2018 |
| ADDRESSED TO | COMMISSIONER HALL |
| RESPONSE PREPARED BY (include name & title) | MICHELLE TAYLOR, PROJECTS OFFICER III, SPECIAL |
| DATE OF RESPONSE | 3/16/18 |
| QUESTIONS or CONCERNS | JAIL TIME |

### RESPONSE TO INMATE CORRESPONDENCE

In your letter to the commissioner you stated that you're missing some jail time credit.  The jail allotment sheet that you attached to your letter does not match the jail time that is in your court documents in our files.  This issue was addressed with the Records Dept. on your behalf by Casemanager Adrian Myes in June of 2016.  An allotment sheet was faxed to Grenada Co. jail for them to complete to verify exactly what dates you spent in jail.  The jail administrator sent us a note back stating that she did not find your jail records and that they may have been destroyed.

We cannot post anymore jail time credit to your file because of the dates not matching,  and we cannot verify the dates.

633 NORTH STATE STREET · JACKSON, MISSISSIPPI 39202
PHONE: (601) 359-5600 · FAX: (601) 359-5624

EXHIBIT J

MDOC-HOLMES 48-000067



Request For Administrative Remedy

**RECEIVED**

OCT 09 2019

CMCF - ARP

#28
CMCF-17-1073

I was arrested in 3-13-89 Grenada County where I remained until 7-24-89 when I bonded out. This time does not show up on my M.D.O.C. time Sheet. I requested a time allotment sheet from Sheriff Alton Strider which Clearly state that I did the time. It's was Certified by him and the Deputy Sheriff Edna Stewart. And I was in Jail in Grenada County 1-3-90 tell I went to Court 2-15-91. I have Tranferred to M.D.O.C. 3-27-91. I have Enclosed Copy of Certified allotment sheet for Verification. None of this time has been applied to my M.D.O.C. time Sheet, Copy enclosed. I also Am requesting that I receive my leap year days. I pray that this time be Corrected, which will allow me to go home to my family this year. Thank you in advance for your time.

Sinerely
Emma Holmes #49131
Emma Holmes

**RECEIVED**

. 00 189

INMATE LEGAL
SSISTANCE PROGRAM



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
PELICIA HALL
COMMISSIONER

Superintendent Ron King
Central Mississippi Correctional Facility

Post Office Box 88550
Pearl, Mississippi 39288
(601)932-2880

October 10, 2019

**Inmate Emma Holmes #49131**
**CMCF EXT-Care, A zone, bed 27B**

RE:   Your Request for Administrative Remedy
       **CMCF-17-1073**

I am in receipt of your request for Administrative Remedy concerning your <u>**jail time**</u> <u>**request from 1989.**</u>

It has been noted that you have a previously rejected ARP(s) concerning the same issue(s), stated at the bottom of ARP that you received.

Therefore, since this matter has already been rejected, this particular request is being returned to you and will not be processed.

Sincerely,

*Raniece Matthews* (signature)

Raniece Matthews, Investigator II
Administrative Remedy Program
PC:  Inmate file

<span style="color:red">EXHIBIT L</span>

301 N. LAMAR STREET · JACKSON, MISSISSIPPI 39201
PHONE: (601)359-5600 · FAX: (601)359-5624

MDOC-HOLMES 48-000008

## Mississippi Department of Corrections
### Inmate Time Sheet

**Offender:** HOLMES, EMMA JACKSON 49131

**Housing:** - No Housing -

**Computation Date:** 04/03/2020 15:48

**Date Printed:** 03/31/2022 09:26

---

### Sentences:

| DATE | CAUSE/COUNT | OFFENSE | COMMITTED | COUNTY | SERVE | HOUSE | PROBATION | HAB | DEFERRED | OVERRIDE | CONCURRENT | CONSECUTIVE |
|------|-------------|---------|-----------|--------|-------|-------|-----------|-----|----------|----------|------------|-------------|
| 02/15/91 | 5571/1 | 3599:SALE OF CONTROLLED SUBSTANCE | 11/01/88 | Grenada | 30Y | | | Y | | | | |

☐ First Time Offender

### Pre Trial/Pre Sentence Jail Time:

| FROM | TO | DAYS |
|------|-----|------|
| 04/21/90 | 02/15/91 | 300 |

Total Jail Time: 300        Override:

### Computation Details:

| DATE | DESCRIPTION |
|------|-------------|
| 02/15/91 | 5571/1 3599:SALE OF CONTROLLED SUBSTANCE 30Y |

### Summary:

| Begin Date | House Arrest Date | Parole Date | ERS Date | Tentative Discharge | Max Discharge | End Date |
|------------|-------------------|-------------|----------|---------------------|---------------|----------|
| 04/21/1990 | | | | 04/13/2020 | 04/13/2020 | |

Total Term To Serve: 30Y        Total Earned Time: 0D        Earned Time Lost: 0D        Total MET Earned: 0D        Total Trusty Time Earned: 0D

### Comments:

MDOC-HOLMES 48-000013

EXHIBIT M

# Mississippi Department of Corrections



# Discharge Certificate

TO WHOM IT MAY CONCERN:

The undersigned, Director of Records of the Department of Corrections of the State of Mississippi, hereby certifies that:

**MDOC Number: 49131**          **Name: HOLMES, EMMA J**

| SSN | 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 | Date of Birth | 4/3/1956 |
|---|---|---|---|
| Race | BLACK | Sex | FEMALE |
| Height | N/A | Weight | N/A |
| Hair | N/A | Eyes | N/A |
| Complexion | N/A | Build | N/A |
| Marks/Scar | NONE | | |
| Cause Number(s) | 5571 | | |

Whereas the MDOC offender having been convicted by the Circuit Court of GRENADA County for SALE CONTROLLED SUBSTANCE and sentenced to 30 Year(s) in the Mississippi Department of Corrections with 0 Year(s)Suspended, and 30 Year(s) to Serve and 0 Year(s) Post Release Supervision, 0 Year(s) Supervised Probation 0 Year(s) Unsupervised/Non-Reporting Probation.

That, MDOC Number 49131 Name HOLMES, EMMA J is being release from confinement after having completed the service of 30 years in the confinement of Mississippi Department of Corrections and is hereby **DISCHARGED** from the custody of MDOC on APRIL 13, 2020 due to **EXPIRATION** of the prison sentence. This discharge certificate does **NOT** release you from any of the responsibilities contained in the conditions of release or any of the remaining portions of the sentence imposed by the court

That, according to Miss. Code Ann. §47-5-157 and Miss. Law, MDOC Number N/A Name N/A is hereby remanded to the supervision of Community Corrections to complete the remaining portions of this sentence under the jurisdiction of the court and is required to follow all the conditions imposed upon him, including any reporting requirements.

Witness my hand and seal, this _____3rd_____ day of __APRIL__, 2020.

Linda Durr
Acting Director of Records